■ ETTA S. BOHM, Respondent, v. ALEX A. BOHM, Appellant.— Order, Supreme Court, New York County, entered July 27, 1971, unanimously reversed, on the law and the facts, without costs and without disbursements; defendant's motion for change of venue to Westchester County granted, without costs; and plaintiff's motion for temporary alimony, counsel fees and custody of children denied, without prejudice to renewal in Westchester County. Since both parties resided in Westchester County at the time of the commencement of this action, it was improperly brought in New York County (CPLR 503, subd. [a]; 510, 511). Furthermore, plaintiff's affidavits fail to properly establish that the convenience of witnesses or the ends of justice require the retention of venue in New York County. (See 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 510.12, 510.14.) It appears that the plaintiff is employed and has some personal assets, and that the defendant is adhering to an agreement incorporated in a Family Court order for weekly payments for support of his children. There being no emergency situation involved, we adhere to a policy which calls for a denial of a motion, notice of which was served with the summons and which was made returnable in a county in which the venue was improperly laid. Concur — Capozzoli, J. P., McGivern, Markewich, Murphy and Eager, JJ.

■ JACK BAKER, Appellant, v. CITY OF NEW YORK, Defendent-Respondent and Third-Party Plaintiff-Respondent. UFB ASSOCIATES, Third-Party Defendant-Respondent.— Order, Supreme Court, New York County, entered June 1, 1971, denying motion to reconsider a prior denial of a general trial preference, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements, and plaintiff's motion for general preference granted. The affidavit of plaintiff, the medical report of Robert R. Hyman, M.D., and the alleged loss of earnings, collectively demonstrate prima facie serious injury, possibly permanent, and a sufficient monetary loss to warrant a general preference. (*Martin* v. *Suarez*, 30 A D 2d 947; *Flores* v. *Santiago*, 34 A D 2d 926.) Concur — Capozzoli, J. P., McGivern, Markewich, Murphy and Eager, JJ.

■ In the Matter of ROBERT BENNET SCHWARTZ, an Attorney.— Motion granted, and respondent reinstated as an attorney and counselor at law of the State of New York. Concur — Stevens, P. J., Eager, Steuer, Tilzer and McNally, JJ.

## SECOND DEPARTMENT, NOVEMBER, 1971

### (November 1, 1971)

■ In the Matter of HAIG KHTIKIAN, Respondent, v. WILLIAM J. VAN WART et al., Individually and Constituting the Board of Elections of the County of Westchester, Appellants.— Order of the Supreme Court, Westchester County, dated October 28, 1971, reversed, without costs, and application for absentee ballot denied. The time limitations for making applications for an absentee ballot are prescribed in subdivisions 2 and 6 of section 117 of the Election Law and must be strictly complied with. Since respondent failed to do so, he was not entitled to an absentee ballot. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.